United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANURI S. QAWI, | No. C 09-1038 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| GREG AHERN, Sheriff, | |
| Respondent. | |

Petitioner, an inmate at the Alameda County Jail, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. In his petition, he alleges that he was subjected to excessive force.

The petition does not attempt to challenge either the fact or length of petitioner's detention. Success in this action would not result in his release or any change in any sentence imposed on him. Where, as here, a successful challenge to a jail condition or to action by an outside party will not necessarily shorten the term of the person's custody, a civil rights action under 42 U.S.C. § 1983 is proper and habeas jurisdiction is absent. See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003); see also Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because challenges to terms and conditions of confinement must be brought as civil rights complaint).

Although a district court may construe a habeas petition by an inmate attacking the conditions of his confinement or some other condition that he contends violates his constitutional rights as pleading civil rights claims under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404

1   U.S. 249, 251 (1971), the court declines to do so here.  The difficulty with construing a habeas
2   petition as a civil rights complaint is that the two forms used by most inmates request different
3   information and much of the information necessary for a civil rights complaint is not included
4   in the form habeas petition filed here.  Examples of the potential problems created by using the
5   habeas petition form rather than the civil rights complaint form include the omission of intended
6   defendants, failure to link each defendant to the claims, and absence of an adequate prayer for
7   relief.  Additionally, there is doubt whether the petitioner is willing to pay the civil action filing
8   fee of $350.00 rather than the $5.00 habeas filing fee to pursue his claims.  The habeas versus
9   civil rights distinction is not just a matter of using different pleading forms.  A habeas action
10  differs in many ways from a civil rights action:  (1) a habeas petitioner has no right to a jury trial
11  on his claims, (2) the court may be able to make credibility determinations based on the written
12  submissions of the parties in a habeas action, (3) state court (rather than administrative) remedies
13  must be exhausted for the claims in a habeas action, (4) the proper respondent in a habeas action
14  is the warden in charge of the jail/prison, but he or she might not be able to provide the desired
15  relief when the petitioner is complaining about a condition of confinement or an event unrelated
16  to the jail or prison, and (5) damages cannot be awarded in a habeas action.  While a petitioner
17  may think he has found a loophole that allows him to save $345.00 – by filing a habeas petition
18  with a $5.00 fee rather than the usual $350.00 fee for a civil action – the loophole proves
19  unhelpful because he ultimately cannot proceed in habeas and will be charged the $350.00 filing
20  fee.  It is not in the interest of judicial economy to allow inmates to file civil rights actions on
21  habeas forms because virtually every such case, including this one, will be defective at the outset
22  and require additional court resources to deal with the problems created by the different filing
23  fees and the absence of information on the habeas form.

24       For the foregoing reasons, this action for a writ of habeas corpus is DISMISSED without
25  prejudice to petitioner filing a civil rights action under 42 U.S.C. § 1983, preferably using the
26  court's civil rights complaint form.  The court has <u>not</u> determined whether there would be a
27  viable claim for relief even if the claim was presented in a civil rights complaint.  The <u>in forma</u>
28

pauperis application is DENIED because it is incomplete in that petitioner did not submit the required certificate of funds and copy of his inmate trust account statement. (Docket # 3.) The clerk shall close the file.

    IT IS SO ORDERED.

DATED: June 11, 2009

                                  SUSAN ILLSTON
                             United States District Judge